### The City of Detroit *vs.* The Board of Public Works of the City of Detroit, Henry H. Leroy *et. al.*

[The questions presented in this case involve the constitutionality of the act to establish a Board of Public Works, for the City of Detroit. As the Circuit Judge refrains from discussing the points presented, the usual digest or head-note is omitted. The case will probably go to the Supreme Court and the decision will appear in the *Nisi Prius* in due time.—REP.]

*Wayne Circuit, July,* 1871.

This is a bill filed to declare unconstitutional and void an act to establish a Board of Public Works in and for the City of Detroit approved on the 18th day of April 1871, and that the Board therein named, to wit: Henry H. Leroy, William Purcell, Deodatus C. Whitwood and Julius Stoll, and the Board of Public Works thereby intended to be created, may be restrained, prevented and prohibited from exercising or assuming to exercise any powers, authority or jurisdiction or functions intended to be thereby conferred on them, and from interfering or intermeddling in any way with the Board of Water Commissioners, the Board of Sewer Commissioners, the Board of Commissioners upon the Plan of the City, the Board of Commissioners of Grades in and for the City, or from taking possession of any of the public works or other property, or from interfering with the water works, streets, parks or public grounds of the city, and that in the meantime a temporary injunction may

CITY OF DETROIT vs. BOARD OF PUBLIC WORKS OF THE CITY OF DETROIT et al.

issue as above mentioned.; and also restraining them from commencing any action at law or in equity against the City of Detroit, or any of the said Boards above enumerated, or of any of the agents or officers of said city or of said Boards, to enforce said acts, or any part of the same, until the further order of the Court.

The first section of the bill provides that the Board shall consist of four persons, who shall be freeholders and qualified electors of said city, taken in equal numbers from the two political parties represented in the Common Council, and that the first Board shall consist of Henry H. Leroy William Purcell, Deodatus C. Whitwood and Julius Stoll.

J. P. Whittemore, Theodore Romeyn and Lyman Cochrane, Solicitors for Complainants.

Samuel T. Douglass and J. Logan Chipman, Solicitors for Defendants.

By the Court, PATCHIN, J.—It is provided by section 3 of said act that all vacancies shall be filled by persons of the same political party as his predecessor.

The questions involved in the case at bar cannot be said to be of importance merely as between the present incumbents and the defendants who now seek to supersede them; for the reason that the former have given entire satisfaction in the performance of their several duties, and it is conceded by all that the latter are eminently qualified to fill the truly responsible position that has been proffered them. Neither are they political, for the two great political parties are equally represented.— They are rather pure questions of law relating to large and important interests, a proper consideration of which would require much more time tnan under the present circumstances can possibly be allowed. I am compelled, therefore, to only briefly notice a very few of the many points that have been made in the case.

It is claimed on the part of the complainant that the Legislature have no right to designate the members of the present Board.

The Constitution provides, by article 15, section 14, that "judicial officers of cities and villages shall be elected, and all other officers shall be elected or appointed at such time and in such manner *as the Legislature may direct.*" It is conceded by the defendants that this clause is the one under which the appointments in the case at bar were made, but it is claimed that the Legislature by designating the names of the Board itself virtually declared that that shall be the time and manner of the appointment.

It is insisted on the part of the complainants that authority to merely *direct* how the election or appointment shall be made gives no power to go beyond the mere direction; that until the condition precedent is performed by the Legislature, directing the time and manner of the election or appointment, there can be no power vested anywhere (not even in the Legislature itself) under the Constitution, to consummate the election or appointment.

The Constitution provides by article 15, section 8, that the Legislature shall pass no law altering or amending any act of incorporation heretofore granted without the assent of two-thirds of the members elected to each House, excepting municipal corporations.

It is conceded that in the case at bar the bill was not passed by a two-thirds vote.

It is claimed on the part of the complainants that the various Boards sought to be superseded by the defendants are separate and distinct corporations, none of them being municipal in their character, and that, therefore, to affect them the bill in question should have received a two-thirds vote.

The Constitution further provides, by article 18, section 1, that no other than the ordinary constitutional oath, declaration or test shall be required as a qualification for any office of public trust.

It is claimed by the complainants that the Legislature, under this clause of the Constitution, had no power to require that the members should be of any particular belief, or be connected with either of the two great parties.

This provision was undoubtedly intended for good purposes; and it is quite possible with the view many public officers

seem to have, that they are elected to serve their political party rather than the public, whose interests they often lose sight of, it may     a wise provision were it possible to make such an one under the clause above referred to.

It will be seen that these are grave and important questions and by no means clear in favor of either party.

do not propose to discuss the merits of these several points. or indeed to make any suggestions in regard to them. Were I so disposed, the time allowed for examination is entirely inadequate.

It is claimed that a temporary injunction, at least, should issue, because of the large interests to be affected by the radical change contemplated by this law, and that such vast and important interests should not be carelessly passed from one to another.

It will perhaps be conceded that the present incumbents would come very far short of their duty to the public, should they deliver up these vast interests without being first fully as - sured by the proper authorities that they had a right so to do, and I apprehend that the gentlemen composing this Board do not desire to imperil the interests of the city by any action they may take  nd that taking possession of these important trusts with the full assurance that they are sustained by the law and cannot be disturbed or molested, will be much more satisfactory to them, as well as all others interested, than the loose and un certain tenure sure to follow a doubtful possession. In view of these facts I have deemed it my duty to exercise jurisdiction in the case and allow a temporary injunction to issue.

The questions involved can be finally settled in a little less than two months. A delay of so short a time cannot seriously affect any of the parties interested. It must be distinctly under- stood that no unnecessary delay can be allowed. I will hear counsel as to the extent of the temporary injunction.